UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:06CV-314-H

LARRY TALLON                       PLAINTIFF

V.

LLOYD & MCDANIEL *et al.*                 DEFENDANTS

**MEMORANDUM OPINION**

    Defendants Richard Alphin, Drayer Bott, and Lloyd & McDaniel (collectively "Defendants") attempted to collect a credit card debt from Plaintiff, Larry Tallon. Tallon alleges that in doing so, they violated the Fair Debt Collection Practices Act ("FDCPA") and the Kentucky Consumer Protection Act ("KCPA"), and filed this suit on behalf of himself and others similarly situated.

    Defendants have moved for summary judgment based upon a Rule 68 offer of judgment which they contend satisfies all Tallon's claims and potential damages. These circumstances raise some unusual procedural issues concerning the ability of a defendant to end litigation by offering judgment. For the reasons explained below, the Court finds that Defendants may do so here by an appropriate offer of judgment.

I.

    Tallon owed an outstanding credit card debt of $8,895.15. Black Acre Enterprises LLC purchased that debt from Direct Merchants Bank, which had issued Plaintiff's credit card. As counsel for Black Acre Enterprises, Defendants sent an initial collection letter to Plaintiff. After several more attempts to collect the debt, Defendant Richard Alphin filed suit in state court,

eventually resulting in a judgment against Tallon. On August 26, 2005, Defendant Bott swore an affidavit of non-wage garnishment for twelve financial institutions known to be in close proximity to debtor's residence. Defendants state that they had a "good faith belief" that these banks were indebted to the Plaintiff, "as it is common practice for individuals to bank at institutions in close proximity to their residence." Defendants apparently had no other information to lead them to believe that Plaintiff banked at any of these twelve banks in particular. Each attempted garnishment cost the Defendants five dollars in fees and postage, for a total of sixty dollars. Plaintiff characterizes these attempted garnishments as "blind garnishments."

Only one bank – Fifth Third Bank – responded to the Defendants that Tallon had an account with that institution, and Fifth Third promptly garnished those funds. Tallon had $235.19 in his Fifth Third account, but stated that those funds were exempt from garnishment as they were Social Security benefits. After some proceedings in state court, those funds were returned to Tallon. Their brief garnishment is not at dispute here.

Tallon filed this suit on June 23, 2006, on behalf of himself and a class of similarly situated individuals. He claims that the "blind garnishments" that Defendants conducted violate the FDCPA and the KCPA. No motion for class certification has been filed to date. Though Defendants have denied violating these statutes, on March 12, 2007, they made a Rule 68 offer of judgment to Tallon. Under the FDCPA, individual damages are limited to actual damages, "additional damages" capped at $1000, and reasonable attorneys' fees and costs. *See* 15 U.S.C. § 1692k(a). Defendants offered Tallon reasonable attorneys' fees and costs and $1,055, the latter of which they say constitutes the maximum permissible "additional damages," plus the

actual cost incurred by the "blind garnishments" (eleven unsuccessful "blind garnishments" at five dollars per attempt). Tallon did not accept or deny their offer within the ten-day period prescribed by Rule 68, and thus that offer is deemed withdrawn.

Defendants have now filed this motion for summary judgment, claiming (1) that Tallon's claims under the FDCPA are moot because he has no damages beyond those enumerated in the Rule 68 offer of judgment; (2) that Tallon lacks standing to make his claims under the FDCPA because he lacks actual damages; and (3) that Tallon lacks standing to make his claims under the KCPA. Tallon responds that the offer of judgment does not moot his claims because (1) the class action claims are unaffected, (2) it does not resolve his claims for emotional distress, and (3) he can still maintain an action under the KCPA. The Court will address Defendants' first and third arguments in sequence and Tallon's responses.

II.

Summary judgment should be granted by the Court where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Barnes v. Kerr Corp.*, 418 F.3d 583, 588 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-252 (1986)). "A dispute over a material fact cannot be 'genuine' unless a reasonable jury could return a verdict for the nonmoving party." *R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 433 (6th Cir. 2005) (internal citation omitted).

III.

The FDCPA strictly regulates the damages recoverable under the statue as follows:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--
>
> (1) any actual damage sustained by such person as a result of such failure;
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
> (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a). "Actual damages" can include damages for emotional distress as well as out-of-pocket expenses. *See, e.g.*, *Chiverton v. Federal Financial Group, Inc.*, 399 F.Supp.2d 96 (D. Conn. 2005) ("Damages for emotional distress caused by defendant's FDCPA violations are recoverable as a part of actual damages under the FDCPA").

Therefore, this Court must first determine whether the offer of judgment does actually resolve all Tallon's potential claims.

A.

At this time, Tallon has no out-of-pocket damages due to the collection efforts of Defendant. Assuming, *arguendo*, that Tallon eventually did pay back his credit card debt plus the costs of the "blind garnishments," his maximum financial damage would be fifty-five dollars (the cost of the eleven unsuccessful "blind garnishments"), plus the statutory maximum of $1,000 in "additional damages." Indeed, Tallon concedes that he was adequately compensated by the offer of judgment for these fees and "additional damages."

Tallon argues, however, that he also suffered emotional damages as a result of the "blind garnishments." His only evidence is an affidavit stating that the experience was "extremely stressful, embarrassing, and humiliating for him" and that "as a result of such embarrassment and humiliation he has been and remains anxious which has further resulted, from time to time, in a loss of sleep and appetite." This Court has recently reviewed the evidence required to prove emotional damages under the FDCPA:

> There is a strict standard for a finding of emotional damage "because they are so easy to manufacture." *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 971 (7th Cir. 2004) (quoting *Aiello v. Providian Fin. Corp.*, 239 F.3d 876, 880 (7th Cir. 2001)). When the injured party's own testimony is the only proof of emotional damages, he must explain the circumstances of his injury in reasonable detail and cannot simply rely on conclusory statements. *Bach v. First Union Nat'l Bank*, 149 Fed.Appx. 354, 361-62 (6th Cir. 2005) (citing *Sarver*, 390 F.3d at 971). Plaintiff must produce actual evidence of distress and injury, not merely conclusory statements about it.

*Breed v. Nationwide Ins. Co.*, No. 05-547, 2007 WL 1231558, at *3 (W.D. Ky. Apr. 24, 2007).

Tallon's affidavit, standing alone, presents the very type of "conclusory statements" that are deemed an insufficient basis to recover emotional damages under the FDCPA and this Court so finds.[1] Therefore, Tallon's maximum recovery for "actual damages" under section 1692k(a)(1) is fifty-five dollars. It follows that Tallon's maximum recovery under the statute *in toto* would be $1,055 plus costs and reasonable attorneys' fees.

B.

The question then becomes whether Defendants' offer of judgment in that exact amount

---

[1] In theory, the semi-public revelation of Tallon's indebtedness to a small number of bank employees could cause stress and embarrassment. However, Tallon's indebtedness was already a matter of public record as a result of the various proceedings in state court.

forecloses further litigation by mooting Plaintiff's claim. This is a question which has several dimensions. A plaintiff is under no obligation to accept a Rule 68 offer of judgment. Thus, in a situation such as this, the Court could allow Tallon to proceed, *even though he could recover no more than $1,055 plus costs and reasonable attorneys' fees*, with the understanding that Tallon's counsel could recover no more attorneys' fees than those accumulated up to the offer of judgment. However, this approach disregards the other costs that would accumulate, such as Defendants' own attorneys' fees and the Court's time. More importantly, such an approach disregards the important jurisdictional doctrine of mootness.

Generally, a case is moot when issues presented are no longer live or the parties lack a "legally cognizable interest" in the outcome of the case. *Chirco v. Gateway Oaks, L.L.C.*, 384 F.3d 307, 309 (6th Cir. 2004) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). A district court should dismiss a case for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when that court lacks the statutory or constitutional power to adjudicate a case. If a controversy is moot, the court lacks subject matter jurisdiction over the action. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

This Court has already determined that the offer of judgment satisfies all of Tallon's legally recognizable monetary interests. With these financial claims fully satisfied and Tallon's claims would seem to be moot. This Court agrees with the other district courts finding that in these circumstances, the satisfied claim can be dismissed as moot. *See, e.g.*, *Ward v. Bank of New York*, 455 F.Supp.2d 262 (S.D.N.Y. 2006) (dismissing plaintiff's claims outright where defendant's Rule 68 offer of judgment mooted plaintiff's claims).

C.

Several questions remain concerning whether Tallon has any other unresolved interests or claims.

The Court must consider whether dismissal would improperly terminate the rights of the potential class members in the putative class action. Various district courts across the nation have reached different results about potential class actions where the named plaintiff's claim becomes moot. *Compare Ambalu v. Rosenblatt*, 194 F.R.D. 451 (E.D.N.Y. 2000) (dismissing plaintiff's claim as moot where defendants' offer of judgment equaled the full amount of plaintiff's potential recovery, even where plaintiff had not filed motion for class certification, but awarding damages to plaintiff) *with Liles v. Amer. Corrective Counseling Services, Inc.*, 201 F.R.D. 452 (S.D. Iowa 2001) (denying defendant's motion to dismiss where defendant had offered the maximum statutory relief to plaintiff but plaintiff had not filed motion for class certification).

Although the Sixth Circuit has not directly addressed the situation at hand, it has considered the complex interplay between Rule 68 offers of judgment and Rule 23 class actions in a strikingly similar factual setting in *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620 (6th Cir. 2005). The Sixth Circuit relied heavily upon *Brunet v. City of Columbus*, 1 F.3d 390 (6th Cir. 1993). In *Brunet,* the court held that "*[o]nce a class is certified*, the mooting of the named plaintiff's claim does not moot the action, the court continues to have jurisdiction to hear the merits of the action if a controversy between any class member and the defendant exists." *Id.* at 399 (citing *Sonsa v. Iowa*, 419 U.S. 393, 399 (1975)) (emphasis in original). The court, however, distinguished that situation from the one facing the Court here: "Where, on the other hand, the named plaintiff's claim becomes moot before certification, dismissal of the action is required." *Brunet*, 1 F.3d at 399 (citing *Board of School Comm'rs v. Jacobs*, 420 U.S. 128, 129

(1975) (per curiam)).

The obvious concern with the Sixth Circuit's approach is that a defendant will use Rule 68 offers of judgment to eliminate the named plaintiffs before a class action can be filed. *See generally Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980) ("Requiring multiple plaintiffs to bring separate actions, which effectively could be 'picked off' by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions . . . ."). The Sixth Circuit acknowledged that sometimes a case does not become moot when a defendant "'picks off' the claims of named plaintiffs with settlement offers in an attempt to avoid a class action." *Id.* at 400 (citing *Susman v. Lincoln Am. Corp.*, 587 F.2d 866, 870 (7th Cir. 1978)). The Sixth Circuit found that these cases "are limited to the situation where 'a motion for class certification has been pursued with reasonable diligence and is then pending before the district court.'" *Burnet*, 1 F.3d at 400 (quoting *Susman*, 587 F.2d at 870)).

It is worth noting that this case has been pending for almost thirteen months without a motion for class certification. Furthermore, even if Tallon and his attorneys were unaware that under Sixth Circuit law, his case might be dismissed in its entirety because of Defendant's offer of judgment, Defendant's motion for summary judgment (filed March 29, 2007) made this possibility clear, and nearly four months have passed since that motion was filed without the Plaintiff's filing a motion for class certification.

The Sixth Circuit in *Carroll* applied the *Burnet* holding to an FDCPA case.[2] From the

---

[2] In *Carroll*, the plaintiffs filed a putative class action claiming that the defendant's actions violated in FDCPA. *Carroll*, 399 F.3d at 622. While the plaintiffs' motion for class certification was pending, the defendant made a Rule 68 offer of judgment equal to the maximum statutory damages, both to the named plaintiffs and the putative class members. *Id.* The defendant then moved to dismiss plaintiffs' claim as moot. *Id.* The plaintiffs

8

*Carroll* holding, this Court perceives that it would be inappropriate to dismiss this case as moot if a motion for class certification had been granted, or if it were even pending. However, it is also clear from the dicta in *Burnet* that "[w]here . . . the named plaintiff's claim becomes moot before certification, dismissal of the action is required." *Burnet*, 1 F.3d at 400. Therefore, the Court will dismiss the named plaintiff's claims and simultaneously dismiss the putative class action.

In doing so, the Court acknowledges that it is cutting off potential relief for potential class members, at least temporarily. However, these persons are not foreclosed from relief altogether: they can file lawsuits themselves to recover their statutory damages. This ruling will not operate to estop other potential class members from seeking relief for their proven damages. Furthermore, it does not appear that Defendants have rushed to "cut off" the named plaintiff's claims in hopes of thwarting a class action. On the contrary, Defendants made a good-faith offer of judgment within a reasonable period of time which fully satisfies Plaintiff's claims. Further litigation of Plaintiff's FDCPA claim would be pointless and only work to accumulate further attorneys' fees for no good reason. The doctrine of mootness operates to close this claim.

D.

The final question on Plaintiff's FDCPA claims is one of remedy. Does Tallon have a right to pursue his claim to a judgment of actual liability against Defendants on a FDCPA claim? Although Tallon did not raise this issue directly, in the interest of fairness the Court has considered it.

Because of the unusual procedural resolution of this case, it is at least possible that another plaintiff – similarly situated to Tallon – could file suit against these same Defendants,

---

accepted the offer of judgment the day after the defendant's motion to dismiss was filed. *Id.* The district court denied the motion to dismiss and certified the class. *Id.* The Sixth Circuit affirmed this result, relying on *Burnet*. *Id*.

who might rely upon collateral estoppel to limit that new plaintiff's claim. Although the question here is one of federal law and the resolution reached here is not identical to a consent judgment, state courts across the country have held that judgments entered according to consent judgments generally do not have collateral estoppel effect. *See generally Modern views of state courts as to whether consent judgment is entitled to res judicata or collateral estoppel effect*, 91 A.L.R. 1170, §2[a] (1979). The reason for this is that the parties to a consent judgment generally intend to merely put an end to the litigation at hand, not to have the judgment have binding effect in future litigation involving different claims. *Id.* Although consent judgments differ from this resolution, the Court believes this logic is sound when applied to the facts here. The Court therefore must make it clear, given the unusual procedural resolution here, that this judgment will not have any collateral estoppel effect. While this opinion and judgment could have *precedential* value in future proceedings involving offers of judgment for the full amount of statutory damages, they lack any value for the purposes of collateral estoppel. *See also Internat'l Star Registry of Illinois v. Bowman-Haight Ventures, Inc.*, No. 01-C-4687, 2003 WL 21640473 at *4 (N.D. Ill. 2003) (holding that "a judgment based on an offer of judgment has no collateral estoppel effect unless it contains a clear provision to that effect"). Nevertheless, the judgment has a full *res judicata* effect as to Tallon.

For all these reasons, the Court does not believe that this result lessens Tallon's remedy in these circumstances. The Court will adopt a remedy similar to that reached by the District Court in *Ambalu,* 194 F.R.D. at 453. The Court will grant Defendants' motion for summary judgment but enter judgment in favor of the Plaintiff in accordance with Defendants' Rule 68 offer of judgment.

IV.

Plaintiff also claims that the "blind garnishments" violated the KCPA. These claims are reviewed by this Court in its exercise of supplemental jurisdiction. District courts have discretion to exercise supplemental jurisdiction over state law claims where the related federal claim has been dismissed. *See Weeks v. Portage County Exec. Offices*, 235 F.3d 275, 279-80 (6th Cir. 2000); *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir.1996) ("[T]here is no categorical rule that the pretrial dismissal of a federal claim bars a court from deciding remaining state law claims"). The district court, in exercising this discretion, should weigh "judicial economy, convenience, fairness, and comity." *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002) (quoting *Musson*, 89 F.3d at 1254).

In our case, discovery is complete. The parties have ably briefed all of the issues, including the KCPA issue. The issues and the law are clear; the Court will not be forced to consider novel or complex questions of state law in its consideration of this case. Little would be gained – and judicial economy would not be served – by remanding these claims to state court for further, identical proceedings. Therefore, the Court will address the KCPA claims on the merits. *See Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1182 (7th Cir.1993) (noting that "if the correct disposition of a pendent claim or action was so clear as a matter of state law that it could be determined without further trial proceedings and without entanglement with any difficult issues of state law, considerations of judicial economy warranted retention and decision rather than relinquishment of the case to the state court").

Tallon claims that Defendants violated section 367.170 of the KCPA, which prohibits all "unfair, false, misleading, or deceptive practices in the conduct of any trade or commerce." The

KCPA provides:

> Any person who *purchases or leases* goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by KRS 367.170, may bring an action . . . .

KRS § 367.220(1) (emphasis added). The Kentucky Court of Appeals considered the application of this statute in *Skilcraft Sheetmetal, Inc. v. Kentucky Machinery, Inc.*, 836 S.W.2d 907 (Ky. App. 1992). The court in *Skilcraft* reviewed several other similar state consumer protection statutes in concluding that privity between the seller and the would-be plaintiff is required for a would-be plaintiff to have standing to bring a section 367.170 claim. *Id.* at 909-10. "The [Kentucky] legislature intended that privity of contract exist between the parties in a suit alleging a violation of the [KCPA]." *Id.* at 909.

   Here, there is little question that Tallon is not in privity of contract with any of Defendants. Tallon obtained a credit card from Direct Merchants Bank and would, if the facts supported his claim, be able to bring a section 367.170 claim against Direct Merchants Bank. However, the bank sold Tallon's debt to Black Acre Enterprises, which in turn retained Defendants as counsel. Defendants are several steps removed from privity of contract with the Plaintiff. The language of the statute "plainly contemplates an action by a purchaser against his immediate seller." *Skilcraft*, 836 S.W. 2d at 909. Tallon lacks standing to bring a KCPA claim under these circumstances, and thus his KCPA claim must be dismissed.

   As all claims against Defendants will be dismissed, their further arguments regarding Plaintiff's standing to sue under the FDCPA and KCPA are moot.

   The Court will enter an order consistent with this Memorandum Opinion.

cc:     Counsel of Record